UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDY J. BROEHM,

    Plaintiff,

v.                                               Case No. 19-C-1186

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES

    This case is before the court for review of Plaintiff Randy J. Broehm's motion for attorney's fees in the amount of $19,076.25 to be paid to Barry A. Schultz under 42 U.S.C. § 406(b). Dkt. No. 30. The Commissioner does not oppose the motion. Dkt. No. 31. For the following reasons, Plaintiff's motion will be granted.

    A court may allow as part of its judgment "a reasonable fee . . . not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1). The "25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). Section 406(b)(2) "makes it a misdemeanor for any attorney to charge, demand, receive, or collect a fee for court representation in excess of that permitted under § 406(b)(1)." *O'Donnell v. Saul*, 983 F.3d 950, 952–53 (7th Cir. 2020) (internal quotation marks, citations, and alterations omitted). Under the Savings Provision, an attorney does not commit a misdemeanor by accepting fees under both the Equal Access to Justice Act (EAJA) and § 406(b) for the same work when the "'claimant's attorney refunds to the

claimant the amount of the smaller fee.'" *Id.* at 956 (quoting Pub. L. No. 9-80, § 3, 99 Stat. 183 (Aug. 5, 1985)).

In this case, the court reversed the Commissioner's denial of disability benefits, remanded the matter for further proceedings, and awarded Plaintiff attorney's fees under the EAJA, 28 U.S.C. § 2412, in the amount of $15,186.16 ($5,786.16 was awarded in 2017 and $9,400 was awarded in 2021). *See* Dkt. Nos. 25 & 29–30. On remand, the Administrative Law Judge issued a favorable decision, and Plaintiff was awarded past-due benefits. *See* Dkt. No. 30 at 1. Because Plaintiff agreed to pay counsel 25 percent of all past-due benefits awarded to him or any beneficiaries, the Social Security Administration withheld 25 percent of Plaintiff's past-due benefits, or $52,018.75. *Id.* at 2. However, Attorney Dave Hudec represented Plaintiff at his remand hearing and was awarded $32,942.50 in attorney's fees for representation before the Agency. Therefore, "[i]n the interest of not exceeding the 25% withheld, counsel . . . request[s] the remaining balance, in the amount of $19,076.25." *Id.*

The request for attorney's fees appears reasonable based upon the services rendered in this case, detailed in counsel's motion. *See id.* In light of the evidence before the court, the court finds that counsel's fee request is reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's unopposed motion for approval of attorney's fees in the amount of $19,076.25 pursuant to 42 U.S.C. § 406(b) is **GRANTED**. Upon payment of the fees to Plaintiff's counsel, counsel is ordered to refund the EAJA fee of $15,186.16 directly to Plaintiff.

Dated at Green Bay, Wisconsin this <u>18th</u> day of April, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
